Kathryn J. Halford (CA Bar No. 068141)
*Email: khalford@wkclegal.com*
Nicholas Startkman (CA Bar No. 291373)
*Email: nstarkman@wkclegal.com*
**WOHLNER KAPLON CUTLER
HALFORD ROSENFELD & LEVY**
16501 Ventura Boulevard, Suite 304
Encino, CA 91436
Telephone: (818) 501-8030 ext. 331
Facsimile: (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

## Western Division

| | |
|---|---|
| Board of Directors of the Motion Picture Industry Pension Plan; Board of Directors of the Motion Picture Industry Individual Account Plan; Board of Directors of the Motion Picture Industry Health Plan,<br><br>Plaintiffs,<br><br>v.<br><br>Sherwood Media, LLC; a California limited liability company;<br><br>Defendant. | CASE NO. 2:26-cv-08869<br><br>**COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA**<br><br>[29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185] |

- 1 -
COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

Plaintiffs allege as follows:

## JURISDICTION

1.      Jurisdiction is conferred upon this court by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and by Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a).

## VENUE

2.      In accordance with ERISA Section 502(e), 29 U.S.C. § 1132(e), venue is appropriate in the Central District of California as the place where the Plans are administered and where the contractual obligations alleged herein are to be performed.

## PARTIES

3.      Plaintiffs, Board of Directors of the Motion Picture Industry Pension Plan; Board of Directors of the Motion Picture Industry Individual Account Plan; Board of Directors of the Motion Picture Industry Health Plan ("Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds, which were created and are maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4.      The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are employee pension benefit plans as defined by ERISA Section 3(2), 29 U.S.C. § 1002(2). The Motion Picture Industry Health Plan ("Health Plan") is an employee welfare benefit plan as defined by ERISA Section 3(1), 29 U.S.C. § 1002(1). The Pension Plan, IA Plan, and Health Plan (collectively, the "Plans") are multiemployer plans within the meaning of ERISA Sections 3(37)(A) and 515, 29 U.S.C. §§ 1002(37)(A) and 1145. Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA Section 21(A), 29 U.S.C. § 1002(21)(A). The Plans were established pursuant to

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

Collective Bargaining Agreements between various employers and employer associations performing work in the entertainment (motion picture and television) industry, and the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, AFL-CIO ("IATSE"), an unincorporated labor organization. The Plans are administered in Studio City, California.

5.     Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, Sherwood Media, LLC, ("Sherwood" or "Defendant") is a California limited liability company, organized and existing under the laws of the state of California, with its principal place of business located in Westlake Village, California.

6.  Plaintiffs are informed and believe and there upon allege that, at all times relevant herein, Sherwood was the employer engaged in an industry affecting commerce within the meaning of the LMRA and ERISA.

7.     This Complaint is prosecuted pursuant to LMRA Section 301(a), 29 U.S.C. § 185(a), and ERISA Sections 502 and 515, 29 U.S.C. § 1132 and 1145, to enforce the provisions of ERISA against an employer engaged in an industry affecting commerce.

### GENERAL ALLEGATIONS

8.     Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 7 of this Complaint, as if fully set forth herein.

9.     On or about June 6, 2019, Defendant and the IATSE entered into the 2019 Motion Picture and Television Area Standards Agreement, a Single Production Signatory Memorandum Agreement ("Area Standards Agreement"), the Medical Miracles/Sherwood Media, LLC Memorandum Agreement ("Memorandum Agreement") and the IATSE Agreement of Consent ("Consent") for the production of the documentary film "Medical Miracles" (the "Film") whereby the Defendant agreed to become  a party and bound by the IATSE Basic Agreement and to make contributions to the Plans. True and correct copies of the Area Standards Agreement,

Memorandum Agreement and Consent are submitted herewith and incorporated herein by this reference as "Exhibit 1." On or about February 7, 2020, Defendant entered in the Motion Picture Industry Pension Plan, Motion Picture Industry Individual Account Plan and the Motion Picture Industry Heath Plan Producer Group Designation ("Producer Designation") in which Defendant agreed to make contributions to the Plans for non-affiliate producers performing work on the Film in accordance with the requirements of the Producer Designation. A copy of the Producer Designation is submitted herewith and incorporated herein by this reference as Exhibit "2" (the Area Standards Agreement, Memorandum Agreement, Consent and Producer Designation are collectively referred to as "Agreements").

10. In conjunction with the execution of the Agreements on or about May 14, 2019, Sherwood executed an IATSE Trust Acceptance, wherein it agreed to be bound by all terms and conditions of the Agreements and Declarations of Trust establishing the Plans ("Trust Agreements") for the production of the Film and to contribute to the Plans on behalf of employees in accordance with the Agreements. A true and correct copy of the Trust Acceptance is submitted herewith and incorporated herein by reference as "Exhibit 3."

11. The Agreements and Trust Agreements were in full force and effect during all times relevant herein.

12. The Trust Agreements obligate the employer to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all covered employees, by the last day of the payroll week. Contributions are deemed delinquent if they are not received within ten (10) working days from the date such contributions become due.

13. The Trust Agreements provide that, in the event of a delinquency in contributions, employers shall be liable to the Plans for the contributions owed as well as: (i) interest on the delinquent contributions at the rate of one percent (1%) per month, accruing from the date the payment is due until the day payment is made;

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

(ii) liquidated damages in an amount equal to the greater of either twenty percent (20%) of the amount of the contributions due or the amount of interest due, and; (iii) all expenses of collection, including but not limited to, reasonable accountants' fees, auditors' fees, attorneys' fees, and costs incurred in connection therewith.

14.   At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plans as a result of nonpayment of contributions by Defendants.  The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions.

15. The Trust Agreements (specifically, Article III of the Pension Plan, Article V of the Health Plan, and Article III of the IA Plan) provide that "the Directors may, at reasonable times and during normal business hours of any Employer, audit or cause the audit or an inspection of the records of any Employer which may be pertinent in connection with the said Contributions and/or reports insofar as same may be necessary to accomplish the purposes" of the Plans.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract)

16.   Plaintiffs hereby reallege each and every allegation contained in paragraphs 1 through 15 of this Complaint, as if fully set forth herein.

17.   Plaintiffs are informed and believe and thereupon allege that Defendant employed persons who performed work covered under the Agreements but failed to report and pay contributions to the Plans for all covered employees, as required.

18.   As authorized by the Trust Agreements, on June 11, 2024, Plaintiffs completed and published an audit of Defendant's records (the "Audit"), which disclosed for the first time that Defendant had failed to pay contributions in the amount of $11,013.79, for hours worked by its employees on the Film. Prior to

completion of the Audit, Plaintiffs were unaware that Defendant had failed to properly report and pay contributions.

19. In accordance with the Trust Agreements, as of the date of publication of the Audit, interest in the amount of $4,444.67 and liquidated damages in the amount of $4,444.67 were owed on the unpaid contributions disclosed by the Audit. Interest and liquidated damages continue to accrue on the unpaid contributions at the rate of one percent (1%) per month from the dates the contributions were due until the date they are paid.

20. As a result of Defendants' failure to timely report and pay contributions to the Plans, it has been necessary for Plaintiffs to employ the law firm of Wohlner Kaplon Cutler Halford Rosenfeld & Levy, and Plaintiffs have incurred attorneys' fees.

21. Defendant failed to respond to Plaintiffs' demands for payment and the full amount demanded remains due and owing, together with the interest and liquidated damages that have continued to accrue at the rate of one percent (1%) per month from the date of publication of the Audit.

22. As a result of Defendants' breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the total unpaid contributions, liquidated damages, interest, audit costs in the amount of $2,193.75 and all costs of collection including attorneys' fees, court costs, and audit costs incurred in enforcing the terms of the Agreements and the Trust Agreements.

23. Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

## SECOND CLAIM FOR RELIEF

### (Violation of ERISA)

24. Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 23, as though fully set forth herein.

25.     By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Defendant violated ERISA Section 515, 29 U.S.C. § 1145. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA Sections 502(g)(2) and 515, 29 U.S.C. §§ 1132(g)(2) and 1145, Plaintiffs are entitled to, and hereby demand, payment by Defendant of all unpaid contributions, plus liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment against Defendant Sherwood Media, LLC, a California limited liability company, as follows:

## ON ALL CLAIMS FOR RELIEF

1.     For unpaid contributions in the sum of $11,013.79, as disclosed by the Plans' Audit published on June 11, 2024;

2.     For payment of interest calculated at the rate of one percent (1%) per month on all unpaid contributions from the dates due until the dates paid;

3.     For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month, until paid;

4.     For audit costs in the sum of $2,193.75;

5.     For attorneys' fees and costs; including Court costs; and

6.     For such other relief as the Court deems appropriate.

## ON THE SECOND CLAIM FOR RELIEF

7.     For such other appropriate legal and/or equitable relief in accordance with ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

DATED: August 10, 2026                    Kathryn J. Halford
                                          Nicholas Starkman

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA

**WOHLNER KAPLON CUTLER
HALFORD ROSENFELD & LEVY**

By:    */s/ Kathryn J. Halford*

Kathryn J. Halford
Attorney for Plaintiffs
Board of Directors of the Motion
Picture Industry Pension Plan, et al.

COMPLAINT FOR BREACH OF CONTRACT, DAMAGES, AND VIOLATON OF ERISA